**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON CHAPMAN, | No. 19-16901 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01745-WBS-CKD |
| v. | |
| MARK C. JACOBS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 9, 2021**
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,*** District Judge.

Byron Chapman sued his patent attorney for disability access violations under

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Rights Act, Cal. Civ. Code § 51, *et seq*. The parties settled and agreed the district court could award fees and costs to Chapman. Although Chapman sought $60,050 in attorney's fees, the district court awarded only $14,850. It also awarded only $498 of Chapman's requested $11,498 in costs. Reviewing the award for abuse of discretion, but reviewing the legal determinations underlying it de novo, *see Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018), we affirm.

1.      The district court did not abuse its discretion in calculating a "lodestar" of the "hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Chapman concedes that the district court properly calculated the hours component, but he contends that the district court erred in reducing the requested hourly rates for his two attorneys from $750 to $350 (for a law partner with decades of experience) and from $350 to $150 (for an experienced associate).

The district court's task was to "compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The factors appropriately considered in that analysis include "the novelty and difficulty of the issues, the skill required to try the case . . . the experience held by counsel and fee awards in similar cases." *Id*. at 1114. Here, the district court noted the statement by Chapman's counsel that the case "involved a straightforward application of the law and did not . . . [require] a high

level of skill or specialization," and found that the same two lawyers had recently been awarded fees of $300 and $175 per hour, respectively, in similar cases in the Eastern District of California, which they had "reduced to a kind of routine." Making adjustments to the attorneys' requested rates to fit the circumstances in this case, the district court accomplished its required task. *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The district court therefore did not commit the errors identified in *Moreno*, in which the district court "speculated" about how different firms might have staffed a case, provided "insufficient" explanation for its "somewhat arbitrary" and "summary" cuts to the lodestar rate, and adhered to a "de facto policy" of awarding no more than a historic cap on fees in civil rights cases. *Moreno*, 534 F.3d at 1113–15. Although a district court may not simply "hold the line" on fees where "[n]othing else supports . . . the reduction," *id.* at 1115, Chapman fails to show the district court did so in this case. Nor did the district court abuse its discretion in declining to rely on an expert's "regression analysis" or a rubric for calculating fees known as the "Laffey Matrix," because it reasonably concluded that either would lead to an award significantly higher than the "prevailing rate in the community." *Id*. at 1111.

2.      Chapman's opening brief makes only two cursory references to the costs award and presents no argument for why it should be disturbed. He has

3

therefore waived any challenge to the district court's refusal to award $11,000 for the cost of the regression analysis, which it deemed unnecessary and unhelpful. *See Nat'l Fam. Farm Coal. v. USEPA*, 966 F.3d 893, 916 (9th Cir. 2020) (stating that an issue "not discussed in the body of the opening brief is deemed waived").

**AFFIRMED**.[1]

---

[1]    Appellee's request for judicial notice, Docket Entry No. 32, is **granted**. Appellant's requests for judicial notice, Docket Entry Nos. 27, 49, are **denied**.